Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Elzbieta T. Matthews
(*pro hac vice pending*)
    ematthews@cja.org
Cole Newcomb (*SBN pending*)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCONTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff*
ANSSAF ALI MAYO

ORDERED UNSEALED on **03/26/2026   s/ andreasar**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSSAF ALI MAYO,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM GOLAN,<br>ISAAC GILMORE, and<br>DALE COMSTOCK,<br><br>Defendants. | Case No. '25CV3651 LL    AHG<br><br>**AFFIRMATION OF DANIEL MCLAUGHLIN IN SUPPORT OF AN EX PARTE MOTION TO FILE A SEALED COMPLAINT, CIVIL COVER SHEET, AND SUMMONS AND FOR DOCUMENTS NOT TO APPEAR IN THE PUBLIC DOCKET** |

1

I, Daniel McLaughlin, upon my personal knowledge, hereby declare as follows:

1. I am one of the attorneys for Plaintiff, who brings this action against Defendants for torts in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, and for assault and battery under California Code of Civil Procedure § 354.8. The torts alleged are extremely serious. They include claims of attempted murder as a war crime, attempted extrajudicial killing, and persecution as a crime against humanity.

2. In conjunction with the filing of the Complaint, Plaintiff seeks leave of the Court to temporarily file the Complaint and accompanying papers under seal until service is effected on Defendants.

3. I provide the below information on information and belief based on my communications with Plaintiff and my review of open-source documentation, including Defendants own statements.

4. Defendants have acknowledged that they conducted a targeted assassination program in Yemen at the behest of the United Arab Emirates ("U.A.E."). This included the attempted assassination of Plaintiff, a Yemeni politician.

5. As alleged in the Complaint, in August 2015, Defendant Golan ("Golan") founded and incorporated Spear Operations Group LLC ("Spear"), a private military contractor corporation, in Delaware. Golan quickly set about recruiting former members of the U.S. military, including Defendant Gilmore ("Gilmore"), who joined as Spear's chief operating officer in October 2015. At the time, both Golan and Gilmore resided in or near San Diego, California, which they used as a base for their operation.

6. Spear, through Golan and Gilmore, reached an agreement with the U.A.E. to carry out an assassination program targeting Yemeni leaders who

2

opposed the U.A.E.'s interests in Yemen. In exchange, Spear would receive $1.5 million per month, with bonuses for successful assassinations.

7. Golan recruited Defendant Comstock ("Comstock") to join Spear in or around December 2015 by flying him to San Diego so the two could meet in person. During the meeting, at Golan's San Diego home, Golan informed Comstock that Spear would be carrying out a targeted assassination program in Yemen on behalf of the U.A.E. Golan asked Comstock to serve as the head of the targeted assassination program. At the conclusion of the meeting, Golan put $40,000 on the table, Comstock took the money, accepted the position and agreed to participate in the assassination program.

8. On December 29, 2015, Defendants and other Spear members tracked Plaintiff to his political party's headquarters in Yemen and attempted to assassinate him by detonating a powerful explosive device on the building's front door.

9. The Spear Assassination Team continued its campaign of assassinations in Yemen at the behest of the U.A.E. and was, according to Golan, responsible for a number of high-profile assassinations that followed.

10. Defendants left Yemen following the targeted assassinations campaign they carried out on behalf of the U.A.E., including the attempt on Plaintiff's life.

11. Since departing Yemen, Defendants have acknowledged their involvement in the targeted assassination program in Yemen and the attempt on Plaintiff's life.

12. Comstock has stated that he is writing a book that describes "exactly what happened" in the targeted assassination campaign in Yemen.

13. Defendants made these statements under the erroneous belief that they were shielded from legal liability.

14. Comstock is a U.S. citizen and currently resides in Indonesia.

15. These circumstances lead me to believe that, if the Defendants became aware of the filing of this case, they would take effective steps to prevent service of

the Complaint. In particular, Comstock, who resides overseas, has an increased ability to thwart service of process.

16. I believe that permitting Plaintiff to file under seal until service of process is effected would ensure that Defendants do not have the opportunity to destroy relevant evidence before they are served with the initiating papers and thus formally on notice of the litigation and their obligation to preserve such evidence.

17. Once Plaintiff has successfully effectuated service of process on Defendants, he will move to unseal all documents.

18. For all these reasons, the motion should be granted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 18th day of December, 2025, in San Francisco, California.

Daniel McLaughlin (SBN: 315326)
dmclaughlin@cja.org
CENTER FOR JUSTICE AND
ACCONTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444