Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Elzbieta T. Matthews
(*pro hac vice pending*)
    ematthews@cja.org
Cole Newcomb (*SBN pending*)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCONTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff*
*ANSSAF ALI MAYO*

ORDERED UNSEALED on **03/26/2026    s/ andreasar**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANSSAF ALI MAYO,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM GOLAN,<br>ISAAC GILMORE, and<br>DALE COMSTOCK,<br><br>Defendants. | Case No. **'25CV3651 LL    AHG**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TEMPORARILY FILE THE COMPLAINT AND ACCOMPANYING PAPERS UNDER SEAL** |

1

Defendants have acknowledged that they conducted a targeted assassination program in Yemen at the behest of the United Arab Emirates ("U.A.E."). This included the attempted assassination of Plaintiff, a Yemeni politician. Plaintiff's suit seeks to hold Defendants liable for torts in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, and for assault and battery under California Code of Civil Procedure § 354.8.

Plaintiff requests leave to temporarily file the Complaint and accompanying papers initiating the suit under seal to ensure that Defendants do not take steps to avoid service of process and spoliate key evidence. Plaintiff seeks to have these filings under seal only until they are served on all Defendants, whereupon they would be rendered public.

### STATEMENT OF RELEVANT FACTS

In August 2015, Defendant Golan ("Golan") founded and incorporated Spear Operations Group LLC ("Spear"), a private military contractor corporation, in Delaware. Golan quickly set about recruiting former members of the U.S. military, including Defendant Gilmore ("Gilmore"), who joined as Spear's chief operating officer in October 2015. At the time, both Golan and Gilmore resided in or near San Diego, California, which they used as a base for their operation. Compl. ¶¶ 2-3. Spear, through Golan and Gilmore, reached an agreement with the U.A.E. to carry out an assassination program targeting Yemeni leaders who opposed the U.A.E.'s interests in Yemen. In exchange, Spear would receive $1.5 million per month, with bonuses for successful assassinations. Compl. ¶ 5.

Golan recruited Defendant Comstock ("Comstock") to join Spear in or around December 2015 by flying him to San Diego so the two could meet in person. During the meeting, at Golan's San Diego home, Golan informed Comstock that Spear would be carrying out a targeted assassination program in Yemen on behalf of the U.A.E. Golan asked Comstock to serve as the head of the targeted assassination program. At the conclusion of the meeting, Golan put $40,000 on the table,

Comstock took the money, accepted the position and agreed to participate in the assassination program. Compl. ¶¶ 8-9.

On December 29, 2015, Defendants and other Spear members tracked Plaintiff to his political party's headquarters in Yemen and attempted to assassinate him by detonating a powerful explosive device on the building's front door. Compl. ¶¶ 84-89. The Spear Assassination Team continued its campaign of assassinations in Yemen at the behest of the U.A.E. and was, according to Golan, responsible for a number of high-profile assassinations that followed. Complaint ¶ 16. Defendants left Yemen following the targeted assassinations campaign they carried out on behalf of the U.A.E., including the attempt on Plaintiff's life. Complaint ¶ 100.

Since departing Yemen, Defendants have acknowledged their involvement in the targeted assassination program in Yemen and the attempt on Plaintiff's life. Defendants made these statements under the erroneous belief that they were shielded from legal liability. Complaint ¶ 70-79.

Gilmore is a U.S. citizen and a resident of San Diego, California (Complaint ¶ 22, 29), Golan is an Israeli-Hungarian citizen and currently resides in Westport, Connecticut (Complaint ¶ 23, 30), and Comstock is a U.S. citizen and currently resides in Indonesia (Complaint ¶ 24, 31).

## ARGUMENT

Plaintiff requests leave to temporarily file the Complaint and accompanying papers under seal until service of process can be effected against Defendants.

There is a presumptive right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, this right is not absolute. *Strike 3 Holdings, LLC v. Doe*, No. 22CV00133-LL-JLB, 2022 WL 1493398, at *2 (S.D. Cal. Apr. 14, 2022) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). The Court may, however, allow pleadings to be sealed where there is a "compelling reason" to do so. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th

3

Cir. 2008); *Hipschman v. Cnty. of San Diego*, No. 22-CV-903-AJB-BLM, 2025 WL 2300592, at *1-2 (S.D. Cal. Aug. 8, 2025). It is up to the "sound discretion of the trial court" to determine whether there is a compelling reason. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *Doe v. Regents of Univ. of California*, No. 22-CV-1506 JLS (VET), 2025 WL 1115295, at *1-2 (S.D. Cal. Apr. 14, 2025).

A court may, in its sound discretion, seal a filing to mitigate against a defendant trying to avoid service of process. *Aljabri v. Al Saud*, No. 1:20-CV-2146, 2020 WL 12771382, at *2 (D.D.C. Nov. 27, 2020) (sealing an affidavit to protect "Plaintiff's interest in ensuring that [foreign defendants] cannot use the information to evade service in the future"). A court may also temporarily seal a complaint to avoid a risk of spoliation of evidence until it is served on defendants. *Amazon.com Inc. v. Individuals & Entities*, No. 2:22-CV-00758-RAJ, 2022 WL 21737806 (W.D. Wash. June 3, 2022) (temporarily sealing complaint where there is a risk that public disclosure will allow defendants to destroy evidence and will disrupt on-going investigation into defendants).

## A. The Court Should Grant Plaintiff's Request to Temporarily File the Complaint and Accompanying Papers Under Seal.

Plaintiff has compelling reasons for his request to temporarily seal the Complaint and accompanying papers.

As a preliminary matter, Defendants have admitted to trying to kill Plaintiff, demonstrating a flagrant disregard for abiding by applicable legal norms. Affirmation of Daniel Mclaughlin ("Aff.") ¶¶ 4, 11; Compl. ¶¶ 80-82. Defendants' own public statements demonstrate that they operate in close coordination with one another and will take extreme measures to pursue their aims. Aff. ¶¶ 4-9.

Defendants are likely to engage in prolonged and coordinated efforts to evade service of process if they become aware they are subject to litigation for claims that include war crimes and crimes against humanity. Aff. ¶¶ 4-15. Courts have permitted filings to be temporarily filed under seal to prevent defendants from

avoiding service of process. *See Commodity Futures Trading Comm'n v. Bolze*, No. 3:09-CV-88, 2009 WL 605248 (E.D. Tenn. Mar. 3, 2009) (granting a motion to temporarily seal the complaint, including in order to prevent defendants from having the opportunity to avoid service); *Botero Franco v. Oquendo*, No. 12-61863-CIV, 2012 WL 12871849 (S.D. Fla. Sept. 25, 2012) (sealing court file until process is served). A temporary seal is particularly appropriate where, as here, one of the defendants resides abroad and has an increased ability to frustrate service. *Aljabri v. Al Saud*, No. 1:20-CV-2146, 2020 WL 12771382, at *4 (D.D.C. Nov. 27, 2020) (permitting an under-seal filing because "a public filing indicating a forthcoming service attempt and its precise manner of delivery would allow the Foreign Mailing Defendants to thwart service.").

Further, Defendants are likely to spoliate important evidence of their activities underlying Plaintiff's claims. Defendants only admitted to their participation in a targeted assassination program in Yemen, including the attempt on Plaintiff's life, under the erroneous belief that they were immune from suit for these otherwise unlawful activities. Aff. ¶¶ 11-16. While Defendants have not publicly provided details of other key facts underlying Plaintiff's claims, including their involvement in other "successful" assassinations carried out in Yemen, they have made clear that this information is in their possession. Comstock, for example, has stated that he is writing an as of yet unpublished book documenting "exactly what happened" during the targeted assassination program in Yemen. Aff. ¶¶ 12. Permitting Plaintiff to file under seal until service of process is effected would ensure that Defendants do not have the opportunity to destroy relevant evidence before they are served with the initiating papers and thus formally on notice of the litigation and their obligation to preserve such evidence.

Plaintiff's request to temporarily seal the Complaint and accompanying papers would also be proper under the multi-factor balancing test articulated by other circuits for ruling on a motion to seal or unseal judicial records. These six

5

factors, captured in the "*Hubbard* test" include: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *League of Women Voters of the United States v. Frid, No. 23-5058, 2024 WL 1739205*, at \*2-3 (D.C. Cir. Apr. 23, 2024) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)). In this case, these factors weigh in favor of temporarily sealing the complaint and accompanying papers.

First, Plaintiff requests a temporarily seal, which will be lifted after service of process has been effectuated. Accordingly, the public's access to these court documents will not be impeded, but only briefly delayed until service is effected. *See Pub. Citizen Health Rsch. Grp. v. FDA*, 953 F. Supp. 400, 405 (D.D.C. 1996) (finding that a temporary seal will not hamper the public's access to the proceedings). Second, the public has had no previous access to these documents, since this case has not yet been filed. *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409-10 (D.C. Cir. 1996) (noting that the lack of previous access to documents "goes to the appropriateness of sealing those documents"). Third, the Plaintiff objects to disclosure, which "weighs in . . . favor" of temporary sealing. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 59 (D.D.C. 2009). Fourth, Plaintiff's request to temporarily seal this case's initiating filings does not implicate any property interests. Fifth, the possibility of prejudice to Defendants is low, as Plaintiff will move to lift the seal upon service. Moreover, any prejudice towards Defendants during the temporarily seal is outweighed by the high risk that Defendants will take action to avoid and disrupt service of process and spoliate evidence. *See Aljabri v. Al Saud*, No. 1:20-CV-2146, 2020 WL 12771382, at \*2

6

(D.D.C. Nov. 27, 2020) (applying the *Hubbard* factors to seal an affidavit to protect "Plaintiff's interest in ensuring that [foreign defendants] cannot use the information to evade service in the future"). Sixth, this factor is neutral, because Plaintiff only seeks temporarily sealing the complaint and accompanying documents, which Defendants and the public will have access to as soon as service of process is effected.

Importantly, neither Defendants nor the public will be deprived of access to the Complaint and accompanying papers permanently. Plaintiff request that these documents be under seal only during the pendency of the service of process. Once Plaintiff has successfully effectuated service of process on Defendants, he will move to unseal all documents. *See Wickrematunge v. Rajapaksa*, No. 2:19-CV-02577-R-RAO, 2019 WL 7840670 (C.D. Cal. Apr. 12, 2019) (Court lifting the seal on the complaint, civil cover sheet, summons and all accompanying filings in the action following service on the defendant).

## CONCLUSION

For these reasons, the Court should grant Plaintiff's request to temporarily file the Complaint and accompanying papers under seal until service is effected on Defendants.

Dated: December 18, 2025

Respectfully submitted,

By: /s/ Daniel McLaughlin

Daniel McLaughlin (SBN: 315326)
Elzbieta T. Matthews (*pro hac vice pending*)
Cole Newcomb (*SBN pending)*
CENTER FOR JUSTICE
AND ACCOUNTABILITY
268 Bush Street #3432
San Francisco, CA 94104
Tel: (415) 544-0444

*Attorneys for Plaintiff*

8