Dale Comstock
daleblacksand@gmail.com
200 Friars Hill Drive, Apt. 201
Panama City Beach, FL 32407
Tel: (850) 625-0766
Pro Se Defendant

FILED

MAR - 3 2026

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA.
BY DOF                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANSSAF ALIMAYO,

                    Plaintiff,

        vs.

ABRAHAM GOLAN,
ISAAC GILMORE, and
DALE COMSTOCK

                    Defendants.

Case No. 3:25-cv-03651-LL-AHG

**DEFENDANT, DALE COMSTOCK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Complaint Filed: December 23, 2025

**MOTION TO DISMISS**

Defendant, Dale Comstock ("Mr. Comstock"), hereby files this Motion to Dismiss pursuant to Rule 12, Federal Rules of Civil Procedure, and states:

1.      At all times material to this litigation, Mr. Comstock has been, and continues to be, a resident of the State of Florida. In fact, Mr. Comstock was served with the Complaint in this matter at his homestead residence in the State of Florida.

2.      Mr. Comstock has no connection with the State of California, and this Complaint should be dismissed as to Mr. Comstock for lack of personal jurisdiction.

3.      Mr. Comstock acknowledges, as alleged in the Complaint, that he made one very brief trip to California in December 2015 to meet with Abraham Golan during which Mr.

-1-

Comstock was extended an offer by Mr. Golan for future work to occur outside of the United States.  No contract was executed or entered into during this meeting and Mr. Comstock never performed any work in California for or related to Mr. Golan.   See Affidavit of Mr. Comstock attached hereto as Exhibit "A."

4.      In fact, Mr. Comstock has never performed any work in California.  Mr. Comstock has never resided in California.  Mr. Comstock has no connections at all to California and, as such, he should not be subject to and defend a lawsuit improperly filed in California against him.

5.      California can only exercise jurisdiction over Mr. Comstock if it is not inconsistent with the Constitution of California and the United States.  See. Cal. Code Civ. Proc. 410.10.  Due process requires that Mr. Comstock have certain minimum contacts with the State of California before he can be subject to a lawsuit in this state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Walsh*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

6.      As set forth in Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015) a three part test should be employed to assess whether Mr. Comstock has sufficient contacts with California before he should be subject to personal jurisdiction of the state.  This test includes:

(1)      The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)      The claim must be one which arises out of or relates to the defendants' forum-related activities; and

(3)      The exercise of jurisdiction must comport with fair play and substantial justice, i.e.

- 2 -

it must be reasonable.

7. Pursuant to the holding in *Picot,* this test is further dependent upon the nature of the claim at issue. Given the fact Plaintiff's claim is one sounding in tort against Mr. Comstock, the Court should apply a "purposeful direction" test and look to determine whether Mr. Comstock has directed his actions at the State of California, even if those actions took place elsewhere. Picot, at 1212.

8. In this case, there are no claims that Mr. Comstock took any tortious actions or directed any actions at all toward the State of California. As such, personal jurisdiction over Mr. Comstock in California is not proper.

9. Even if the allegations in the Complaint are assumed true, which they are not, the Picot decision is clear that entering into a contract alone does not automatically establish minimum contacts in State of California. Rather, there must be actions by Mr. Comstock that create a "substantial connection" with California. Picot, 1212. Merely random, fortuitous or attenuated contacts with California are not sufficient. Id. In determining whether Mr. Comstock's interaction with Mr. Golan in California is sufficient, the Court should consider "prior negotiations and contemplated future consequences, along with the terms of the alleged contract and the parties' actual course of dealing" all of which have no contact with California at all.

10. Just as in Picot, this Court should determine that based on the allegations in the Complaint and the evidence submitted in Mr. Comstock's affidavit, Plaintiff has and cannot demonstrate that Mr. Comstock had sufficient minimum contacts with the State of California to subject himself to the state's jurisdiction.

11. Additionally, Mr. Comstock asserts that all claims against him based upon the Alien Tort Statute, 28 U.S.C. 1350, should be dismissed because all tortious acts alleged in the

- 3 -

Complaint occurred outside of the United States. Based on the Supreme Court's holding in *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 1659 (2013), the Alien Tort Statute should not apply to violations of the law of nations occurring within territory of a sovereign nation other than the United States. Mr. Comstock's conduct, as alleged in the Complaint, does not touch or concern the United States with any level of significance. As such, Plaintiff's claims as to Mr. Comstock should be dismissed.

12. Moreover, Mr. Comstock asserts that Plaintiff's claim against him based upon the California Code of Civil Procedure 354.8 ("CCP 354.8") should be dismissed because such law only applies to actions occurring on or after January 1, 2016. As such, the claim against Mr. Comstock based upon CCP 354.8 is facially insufficient as the Complaint alleges that the tort against Plaintiff occurred on or about December 29, 2015.

WHEREFORE, based upon the foregoing Plaintiff's claims against Mr. Comstock should be dismissed because (1) Plaintiff has failed and is unable to demonstrate sufficient minimum contacts with the State of California for Mr. Comstock to be subject to personal jurisdiction in the state; (2) Plaintiff's application of the Alien Tort Statute is improper as Mr. Comstock's alleged tortious conduct occurred outside of the United States and in a separate sovereign country; and (3) Plaintiff's reliance on CCP 354.8 is improper because such law does not apply to conduct occurring prior to January 1, 2016. Mr. Comstock also requests all other relief this Court deems just and appropriate.

Dated: February 27, 2026                    By:

/s/ Dale Comstock
Dale Comstock
Pro Se Defendant
daleblacksand@gmail.com
200 Friars Hill Drive, Apt. 201
Panama City Beach, FL 32407
Tel: (850) 625-0766
Pro Se Defendant

- 4 -

[DEFENDANT, DALE COMSTOCK'S MOTION TO DISMISS COMPLAINT (DOC. NO. 1)

[DEFENDANT, DALE COMSTOCK'S MOTION TO DISMISS COMPLAINT (DOC. NO. 1)

Dale Comstock
daleblacksand@gmail.com
200 Friars Hill Drive, Apt. 201
Panama City Beach, FL 32407
Tel:  (850) 625-0766
Pro Se  Defendant

FILED

MAR – 3 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY___ODE_____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANSSAF ALIMAYO,

                    Plaintiff,

    vs.

ABRAHAM GOLAN,
ISAAC GILMORE, and
DALE COMSTOCK

                Defendants.

Case No. 3:25-cv-03651-LL-AHG

**AFFIDAVIT OF DALE COMSTOCK**

Complaint Filed: December 23, 2025

## AFFIDAVIT OF DALE COMSTOCK

BEFORE ME, the undersigned authority, personally appeared, Dale Comstock, who, being duly sworn, deposes and says:

1. My name is Dale Comstock and I am over the age of eighteen (18).  I have personal knowledge of the events and facts described in this affidavit.

2. I am a United States citizen and a resident of the State of Florida.  I have a Florida residence that is my homestead and a Florida driver's license.  In fact, I was served with this lawsuit at my residence in Florida.  Also, I am an owner, officer and registered agent of multiple limited liability companies organized and conducting business in Florida.  These limited liability companies do not perform any business outside of the State of Florida.

-1-

AFFIDAVIT OF DALE COMSTOCK

3.  In December 2015, I travelled to San Diego, California to meet with Abraham Golan at his request.  I had one meeting with Mr. Golan in California during which I was extended an offer to perform work for him outside of the United States.  No contract or other document was ever executed in California, no work was ever performed in California and I never earned any compensation from Mr. Golan in California.

4.  Outside of this one meeting with Mr. Golan in December 2015, I have never lived or worked in California since I originally moved from the state in 1981.  I have not knowingly solicited any business from California residents, and I have not directed any actions toward California or residents of California.

5.  I have no connection to California outside of this single meeting with Mr. Golan.

6.  I declare under penalty of perjury that the foregoing is true and correct.


Executed on this 28 th day of February, 2026.


FURTHER AFFIANT SAYETH NAUGHT.



_____
Dale Comstock

State of Florida
County of Bay

Subscribed and sworn to (or affirmed) before me, by means of ☑ physical presence or ☐ online notarization this 28 day of February, 20 26 by Dale Alan Comstock.

_____
(Signature of Notary Public - State of Florida)

Steven Koger
_____
(Print, Type or Stamp Commissioned Name of Notary Public)

☐ Personally known to me, or

☑ Produced Identification: Florida DL
(Type of Identification)

STEVEN KOGER
Commission # HH 419017
Expires July 9, 2027

- 2 -

AFFIDAVIT OF DALE COMSTOCK

CASE NO. 3:25-CV-03651-LL-AHG

DALE COMSTOCK

200 FRIARS HILL DR

APT 201

PANAMA CITY BEACH

FLORIDA

32407



RECEIVED

MAY 0 3 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

CLERK OF COURT

U.S. DISTRICT COURT S.D.CA

333 W. BROADWAY

SUITE 420

SAN DIEGO, CA.

92101



**Extremely Urgent**

RECEIVED

MAR 0 3 2026

Express



F:BLACKS:2    1:2

0807-1081 X

US DISTRICT COURT SDCA
333 W BROADWAY
STE 420
SAN DIEGO CA 92101

**Extremely Urgent**



Visit **UPS.com**

**Apply shipping documents on this side**

Scan QR code to
schedule a pickup

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/import/export to verify if your shipment is classified as a document.

- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS Express envelopes weighing more than 8 oz. will be billed by weight.

Note: UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

**Window Envelope**

Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper. Insert shipping documents under window from the top.



DALE COMSTOCK
(850) 625-0766
THE UPS STORE #6867
1016 THOMAS DR
PANAMA CITY BEA  FL 32408-7444

0.2 LBS LTR
SHP WT: LTR
DATE: 02 MAR 2026

SHIP TO:
CLERK OF COURT
US DISTRICT COURT SDCA
STE 420
333 W BROADWAY
SAN DIEGO   CA 92101-3806

CA 921 9-10

UPS NEXT DAY AIR          1

TRACKING #:  1Z 8W5 E05 01 9501 6302

BILLING: P/P

A2D

REF #2: JP

This envelope is for use with the following services:  **UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for:  **UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

The UPS Store RFID Label

Tracking #

1Z8W5E05019501 6302

Serving you for more than 110 years
United Parcel Service.®

  

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
0101951033 04/21  PAC  United Parcel Service

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

100% Recycled fiber
80% Post-Consumer