Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Cole Newcomb (SBN: 365455)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff*

FILED

MAR 1 9 2026

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

ORDERED UNSEALED on 03/26/2026   s/ andreasar

SEALED

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSSAF ALI MAYO,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM GOLAN,<br>ISAAC GILMORE, and<br>DALE COMSTOCK,<br><br>Defendants. | Case No. '25CV3651 LL AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS GILMORE AND GOLAN, FOR ALTERNATIVE SERVICE TO SERVE DEFENDANT GOLAN, AND TO UNSEAL THE COMPLAINT AND ACCOMPANYING PAPERS** |

1

## INTRODUCTION

Since the filing of the Complaint under seal on December 23, 2025, Plaintiff has been diligently trying to serve all three Defendants. Plaintiff successfully served Defendant Comstock. To date however, Plaintiff has been unable to serve Defendants Gilmore and Golan despite Plaintiff's diligent and good faith efforts.

Plaintiff has made several attempts at service on Defendants Gilmore and Golan. In partnership with an investigations firm, Plaintiff has also conducted a thorough search into Defendants Gilmore and Golan to identify additional methods of service, which has included a review of open-source material, online documentation, various government databases, online sources, and other forms of skip tracing.

Plaintiff seeks a brief extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) to effect substituted service on Defendant Gilmore at his usual mailing address. Plaintiff served the person in charge of Defendant Gilmore's usual mailing address but, out of abundance of caution, seeks a 10 day extension of time for the subsequent mailing of the Complaint and summons by first-class mail, postage prepaid to this address is deemed complete.

Plaintiff seeks an order permitting alternative service on Defendant Golan via email pursuant to Federal Rule of Civil Procedure Rule 4(f)(3) and a reasonable extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) to effect service on Defendant Golan.

Finally, Plaintiff moves to lift the seal on the Complaint and accompanying papers.

2

## STATEMENT OF RELEVANT FACTS

Defendant Comstock was served on February 11, 2026. *See* Proof of Service on Defendant Comstock (Exhibit A).[1]

Plaintiff has carried out two attempts at direct service on Defendant Gilmore, both of which were unsuccessful. Affirmation of Daniel McLaughlin ("Aff.") ¶¶ 8-10, 18; *See* February 11, 2026 Proof of Service on Defendant Gilmore (Exhibit C); February 12, 2026 Proof of Service on Defendant Gilmore (Exhibit D). Plaintiff also conducted extensive investigations and skip tracing into Gilmore's location, residences, contact information, employment, and business connections to identify additional means of service. Aff. ¶¶ 6-15. Through these searches, Plaintiff identified Gilmore's usual mailing address, in San Diego, California, where he currently receives and picks up mail, including his California voter materials. Aff. ¶¶ 4, 6-11, 13. Until recently, Plaintiff was unable to complete substituted service on Gilmore through this usual mailing address because, according to a review of open source and online sources, the person in charge of this address, with whom the Complaint and Summons must be left in person, had been travelling temporarily. Aff. ¶¶ 12-13. On March 19, 2026 Plaintiff delivered substituted service on Defendant Gilmore at his usual mailing address by delivering the Complaint and summons to the person in charge of this mailing address, and subsequently mailing the same, to this address. *See* March 19, 2026 Proof of Service on Defendant Gilmore (Exhibit B); Aff. ¶ 14.

Plaintiff has attempted to serve Defendant Golan at multiple addresses affiliated with him but has so far unsuccessful in serving him. *See* February 17, 2026 Proof of Service on Defendant Golan (Exhibit E); February 17, 2026 Affidavit of Non-Service on Defendant Golan (Exhibit F); February 21, 2026 Affidavit of Non-Service on Defendant Golan (Exhibit G). While attempting to serve Defendant

---

[1] All exhibits are to the Affirmation of Daniel McLaughlin accompanying this motion.

3

Golan, Plaintiff learned that Defendant Golan has moved. *See* February 17, 2026 Affidavit of Non-Service on Defendant Golan (Exhibit F); February 21, 2026 Affidavit of Non-Service on Defendant Golan (Exhibit G). On information and belief, it appears that Defendant Golan may have moved abroad. Aff. ¶¶ 16-17, 20-22, 29-36. Golan is a Hungarian-Israeli citizen and has business affiliations with entities in several foreign countries. Aff. ¶¶ 29-34. At least one of his family members resides abroad. Aff. ¶ 35. Plaintiff's investigation, conducted by the investigations firm based on open source and online sources, has revealed at least two email addresses used by Golan that are associated with business enterprises he founded. These email addresses are "tipofthespear13@gmail.com" and "ravenmilitary@gmail.com." According to third-party verification tools, both these email addresses are active and receive emails.

## ARGUMENT

### A. Good Cause Exists for an Extension of the Deadline to Serve Gilmore

On March 19, 2026 Plaintiff delivered substituted service on Defendant Gilmore at his usual mailing address in San Diego, California by delivering the Complaint and summons to the person in charge of this mailing address, and subsequently mailing the same, to this address. *See* March 19, 2026 Proof of Service on Defendant Gilmore (Exhibit B); Aff. ¶ 14. Plaintiff seeks a short 10-day extension to ensure that the tenth day from mailing process falls within Plaintiff's deadline for effecting service.[2]

Plaintiff has been diligently trying to serve Gilmore and investigating additional methods of service. Plaintiff has made good faith and diligent efforts to

---

[2] California authority exists to support the notion that substituted service is effective on the day process is mailed. Plaintiff requests the current extension out of an abundance of caution and without prejudice to Plaintiff's argument that substituted service on Gilmore is timely under these cases.

investigate Gilmore's locations and to serve him. Plaintiff identified two locations, one in San Diego and one in Washington, D.C., at which personal service was attempted on Defendant Gilmore. Afterwards, Plaintiff identified Gilmore's usual mailing address in San Diego, California, where, according to the person in charge of the address, Gilmore still receives and picks up mail, including his California voter materials. Plaintiff had been unable to finalize service at this address because, according to a review of open source and online sources, the person in charge of this address, with whom the Complaint and Summons must be left in person pursuant to California Code of Civil Procedure § 415.20(b), had been travelling temporarily. Plaintiff anticipated that this person would return to the usual mailing address and continued attempts at substituted service. On March 19, 2026, Plaintiff successfully delivered the summons and complaint to the person in charge at this address and subsequently mailed process to Gilmore at this address. As additional notice, Plaintiff will also mail the Complaint and summons to an address listed on the articles of incorporation for a business recently formed by Gilmore.

As a result of Plaintiffs' diligence and difficulty in locating Gilmore, good cause exists for an extension pursuant to Rule 6(b)(1)(A). *See Hillbroom v. Lujan*, No. CV 09-0841 ODW (CTX), 2010 WL 11515374, at *1-3 (C.D. Cal. May 3, 2010) (approving extension of time to effectuate service where plaintiff made several attempts, all of which failed because recipient of service, the defendant, had left the country); *see United Fin. Cas. Co. v. R.U.R. Transp., Inc.*, No. 22CV333-LL-WVG, 2022 WL 16747283, at *3 (S.D. Cal. Nov. 7, 2022) (extending time to effectuate service of process by three months where defendant has been diligent, but Defendants' whereabouts were unknown).

Moreover, Gilmore will not be prejudiced by this short extension. This will not significantly impede Gilmore's participation and defense in this case. *Meredith v. Erath*, No. CV9913100FMCMANX, 2000 WL 36740986, at *3-4 (C.D. Cal. Jan. 20, 2000). Plaintiff has already delivered substituted service on Gilmore, and has

5

mailed the summons and complaint to him at his usual mailing address. No facts exist to indicate that Gilmore's ability to collect evidence or respond in this case will be compromised by this extension.

For the foregoing reasons, Plaintiff requests an extension of 10 days from March 23, 2026 to ensure that the tenth day from mailing the summons and complaint to Gilmore's usual mailing address falls within the service deadline.

### B. Plaintiff has Established that Alternative Service on Golan via Email is Proper and that Good Cause Exists for an Extension of Time to Serve Him

Plaintiff requests an order permitting alternative service on Golan through email at the addresses "tipofthespear13@gmail.com" and "ravenmilitary@gmail.com." Alternative service is proper because Plaintiff believes that Golan has moved abroad, these email addresses are currently active, Golan has used them, and they are associated with various online accounts used by Golan and businesses that Golan founded and oversaw.

Plaintiff also requests an extension of time to serve Golan. If alternative service is granted, Plaintiff seeks an extension sufficient to serve Golan via email after the motion is granted. In the alternative, if service via email is not granted Plaintiff seeks an extension of time to continue his investigation into Golan's whereabouts and to identify other appropriate methods of service.

### 1. Alternative Service via Email is Proper and Comports with Due Process Requirements

Federal Rules of Civil Procedure Rule 4(f)(3), applicable to service on a defendant situated abroad, allows for service on an individual "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Alternative methods of service under this rule, which the court may order, include methods such as "'publication, ordinary mail, mail to the defendant's last known

address, delivery to the defendant's attorney, telex, and most recently, email.'" *Catalyst Lifestyle Ltd. v. Elago Co.*, No. 22CV536-LL-MDD, 2022 WL 16951656, at *1 (S.D. Cal. Nov. 15, 2022) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Approval of alternative service is at the Court's "sound discretion" "when the particularities and necessities of a given case require" it. *Rio Props*, 284 F.3d at 1016 (finding alternative means of service was necessary because defendant was "elusive").

In the Ninth Circuit, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015 (quoting *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23–23 (D. Me. 2001)). There is no requirement that other forms of service be attempted before proceeding under this rule. *Id.*; *see also Hawkins v. Bank of Am., N.A.*, No. 17-CV-01954-BAS-AGS, 2018 WL 1616941, at *3 (S.D. Cal. Apr. 4, 2018). Service under Rule 4(f)(3) must comport with constitutional notions of due process. *Rio Props., Inc.*, 284 F.3d at 1016. The content of this requirement is that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17.

### i. Golan is likely Based Outside of the U.S. and is Subject to Service Under Federal Rules of Civil Procedure Rule 4(f)

Golan has lived in numerous residences across the U.S. and in locations around the world. Currently, Plaintiff's skip tracing and investigations into Golan has revealed several homes, addresses, and plots of land previously owned and rented by him across the U.S. Aff. ¶¶ 16-22, 34. Plaintiff has made four attempts at service at the most current residences previously associated with Golan. Aff. ¶¶ 18-21. These attempts have been unsuccessful, and our investigation have revealed that he no longer resides at these addresses. Aff. ¶¶ 20-22. Despite Plaintiff's ability to

trace Golan's residences across the U.S. and over the past decade, Plaintiff has been unable to identify any new U.S.-based addresses or U.S.-based residences where Golan currently resides. Aff. ¶ 22.

Golan is a dual Hungarian-Israeli citizen, which would aid his ability to establish residence in either of these two countries. Aff. ¶ 30. Further, Golan has a long history of establishing business enterprises in foreign countries and in establishing business relationships with foreign actors. Aff. ¶ 29-33. Golan's wealth contributes to his ability to quickly relocate and establish residence abroad. Aff. ¶ 34.

Finally, Plaintiff's investigation indicates that Golan was most recently employed by a corporate entity with headquarters abroad in the United Kingdom, the Bahamas, and the United Arab Emirates. Aff. ¶ 30. In addition, Golan has a family member living abroad in Russia. Aff. ¶ 35. Plaintiff believes that either factors may act as motive for Golan to leave the U.S. As a result and based on this investigation, Plaintiff believes that Golan's new residence is in a foreign country.

### ii. Alternative Service through Email Comports with Due Process Requirements

This Court has recognized alternative service by email is a proper method of service under FRCP Rule 4(f)(3). *Hawkins v. Bank of Am., N.A.*, No. 17-CV-01954-BAS-AGS, 2018 WL 1616941 (S.D. Cal. Apr. 4, 2018) (collecting cases); *see also Rio Props., Inc.*, 284 F.3d at 1016. Plaintiff seeks to serve Golan through two email addresses that he previously used, which are associated with business enterprises he founded, and which are both currently active and thus "reasonably calculated, under all the circumstances, to aprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Rio Props. Inc.*, 284 F.3d at 1016 (internal citations omitted).

Alternative service through email satisfies due process if a defendant "regularly used" the emails, emails to the addresses do not return as undelivered,

and there are "other indicia" that the emails belong to the defendant. *Tatung Co. Ltd. v. Hsu*, No. SACV131743DOCANX, 2015 WL 11089492, at *3 (C.D. Cal. May 18, 2015); *see also Hawkins v. Bank of Am., N.A.*, No. 17-CV-01954-BAS-AGS, 2018 WL 1616941, at *3 (S.D. Cal. Apr. 4, 2018) (citing *Tatung Co. Ltd v. Hsu*, No. SACV131743DOCANX, 2015 WL 11089492, at *3 (C.D. Cal. May 18, 2015).

Plaintiff's investigations into Golan indicate that the email addresses, "tipofthespear13@gmail.com" and "ravenmilitary@gmail.com", were used by Golan while operating the business enterprises he founded. Aff. ¶¶ 22-23. Our investigations firm identified "tipofthespear13@gmail.com" as associated with him in a review of online record databreach sets. Aff. ¶ 25. Further, this email was used to create several online accounts that also bore Golan's name. Aff. ¶ 25. The email address was also used to create a Facebook account that used a phone number associated with Golan. Aff. ¶ 25.

Our investigations firm also identified "ravenmilitary@gmail.com" as associated with Golan through a similar open source and database search. The email was used to create a Lyft account in conjunction with a phone number Plaintiff's investigation identified as used by Golan. Aff. ¶ 26.

Our investigations firm has confirmed that both emails are active and can receive emails through an online verification tool. Aff. 24. This tool has also shown that a majority of other emails used by Defendant Golan are not active and cannot receive emails. Aff. ¶ 24.

Golan has founded and is associated with four business entities containing the word "spear" in the name, with which the "tipofthespear13@gmail.com" address was associated. Aff. ¶ 27. These four entities include: Spear Operations Group LLC, the entity involved in the acts underlying Plaintiff's claim; Spear Tactical, LLC, to which Spear Operations Group changed its name in 2016; Spear International LLC; and Spear Capital LLC. Aff. ¶ 27. Golan conducted significant business activities while founding and running the above entities, including the activities alleged in

9

Plaintiff's complaint. Compl. ¶¶ 2, 4-17, 49-67. Plaintiff reasonably believes that the above business email was regularly used by Golan while operating his business entities.

Websites for Spear Capital LLC, Spear International LLC, and Spear Tactical LLC were consolidated and linked to on a website titled "ravenmilitary.com." Aff. ¶ 28. This website contained nearly identical content to a website created for Spear Operations Group. Aff. ¶ 28. Raven Military was created and operated by Golan alongside his other enterprises. Aff. ¶ 28. The "ravenmilitary@gmail.com" address was associated with the Raven Military website (Aff. ¶¶ 23, 28) and, given the website's close association with Golan's business enterprises, was likely used for communications related Golan's operation of these entities. These email addresses can receive emails, are active, and there is no indication that emails to these addresses are "bounced back" or undeliverable. Aff. ¶ 24; *see also Tatung Co. Ltd. v. Hsu*, No. SACV131743DOCANX, 2015 WL 11089492, at *3 (C.D. Cal. May 18, 2015) (service by email satisfies due process where defendants "regularly used email in conducting business", emails to the proposed addresses "were not returned as undeliverable", and plaintiff "provided other indicia that the email addresses for the Unserved Defendants were in fact their email addresses"); *Sport Lisboa e Benfica - Futebol SAD v. Doe 1*, No. CV 18-2978-RSWL-E, 2018 WL 4043182, at *3 (C.D. Cal. Aug. 21, 2018) (service by email proper where plaintiff showed it could not locate defendant's physical address, defendant provided email addresses on their websites as a contact method and "[plaintiff] has shown those email addresses are valid, as it has sent test emails that have not "bounced back" or returned with a message informing [p]laintiff that the email was undeliverable").

Accordingly, there is sufficient indicia that Golan used, communicated with, and continues to have access to these two email addresses sufficient to meet the requirements of due process.

**2. Plaintiff has Good Cause for an Extension of Time to Serve Golan**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the court may grant an extension for "good cause" if the moving party requests the extension before the applicable deadline expires. Fed. R. Civ. P. 6(b)(1)(A); *see Raiser v. U.S. Dist. Ct. for S. Dist. of Cal.*, No. 20-CV-1490 TWR (AGS), 2020 WL 7226424, at *2 (S.D. Cal. Dec. 8, 2020). Rule 6(b) must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010); *accord Turner v. Tierney*, 678 F. App'x 580, 581 (9th Cir. 2017). "Good cause" under this rule "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id*. at 1259. Where there is no evidence of bad faith by the movant, a court may grant an extension "if it is 'reasonable, justified, and would not result in prejudice to any party.'" *Firearms Pol'y Coal., Inc. v. City of San Diego*, No. 23CV400-LL-DDL, 2023 WL 12015514, at *1 (S.D. Cal. May 12, 2023) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir.2010)).

Plaintiff's Complaint was filed on December 23, 2025. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's 90-day deadline is March 23, 2026. *See* Fed. R. Civ. P. 4(m). Accordingly, this motion is filed before the deadline and warrants review under the good cause standard. *See Szanto v. Bank of N.Y.*, No. 22-CV-1857 TWR (DEB), 2023 WL 2504914, at *2 (S.D. Cal. Feb. 21, 2023) (granting an extension of time to effectuate service of process for good cause, under rule 6(b)(1)(A), where plaintiff's 90-day deadline has not yet passed).

Courts have found that good cause exists when plaintiffs have been diligent in attempting service and investigating the defendant's whereabouts and means of service. *DPG Invs. LLC v. Anderson, No. CV-20-01386-PHX-DWL*, 2020 WL 8482971, at *1-3 (D. Ariz. Dec. 15, 2020) (finding good cause for an extension of time to serve, under FRCP 6(b)(1)(A), after plaintiff made several unsuccessful

attempts and had conducted a skip trace); *see also Wells Fargo Bank, N.A. v. Baishunxing Trading Inc.*, No. CV 24-336 PA (BFMX), 2024 WL 2429510, at *1-3 (C.D. Cal. Apr. 19, 2024) (finding good cause and granting an extension under FRCP Rule 4(m) where plaintiff previously attempted service several times, and internet searches and skip tracing were conducted); *Inv. Recovery Fund, Inc. v. Elmaliach*, No. 2:25-CV-01099-JAD-MDC, 2025 WL 3033891, at *2-3 (D. Nev. Oct. 30, 2025) (finding good cause and diligence under FRCP Rule 4(m) where plaintiff hired a private investigator and attempted service several times). Given the difficulty Plaintiff faces in locating Golan, Plaintiff's request for an extension is reasonably justified.

Plaintiff has been conducting skip tracing on Golan. Aff. ¶¶ 4, 16-17, 29. Plaintiff's investigation has revealed potential contact information, business connections, and places of employment. Aff. ¶¶ 16-33. As detailed above, Plaintiff's investigations have uncovered residences at which Plaintiff has made unsuccessful attempts at personal service. Plaintiff is now unable to locate Golan's current residence. Aff. ¶ 22. Golan possesses significant financial resources allowing him to travel and reside around the world. Aff. ¶ 34. Tracking a defendant across such a broad scope of locations is challenging and necessitates additional time. *See, e.g., Wheelmaxx Inc. v. Mahal*, No. 122CV01506ADASKO, 2023 WL 3224161, at *5 (E.D. Cal. May 3, 2023) (granting an extension of time for service of process where plaintiff was having difficulty locating defendant).

Plaintiff expects his ongoing investigation could confirm additional means of serving Golan. *Dalrada Precision Corp. v. Cox*, No. 23-CV-1064 JLS (DEB), 2024 WL 947807 (S.D. Cal. Feb. 9, 2024) (granting a 90-day extension where plaintiff has ongoing investigations and skip tracing into foreign-based defendant). If alternative service is not granted, given the difficulty in locating this highly mobile, well-resourced Defendant, additional time is needed to identify adequate and reasonable means of serving him. Therefore, Plaintiff requests a 30-day extension to

serve Golan, if the Court grants Plaintiff's motion for alternative service or, in the alternative, a 90-day extension to serve him if that motion is denied.

Golan will not be prejudiced by this extension. Plaintiff is conducting thorough efforts to afford him timely service of process. Further, it is unlikely that this reasonable extension will impede Golan's ability to present a defense in this case or collect evidence. *Meredith v. Erath*, No. CV9913100FMCMANX, 2000 WL 36740986, at *3-4 (C.D. Cal. Jan. 20, 2000) (finding good cause for extension under Rule 4(m) and citing as 'possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, etc.'); *see James v. Cnty. of Sacramento*, No. 2:18-CV-00180-TLN-DB, 2022 WL 2533484, at *4-5 (E.D. Cal. July 7, 2022) (finding no prejudice against Defendants where Defendants did not demonstrate "evidence of impact on their strategy nor any evidence the delay impacted discovery"). No other facts indicate that Defendant Golan will be prejudiced by this extension.

### C. Unsealing the Complaint and Accompanying Papers At This Time Is Warranted

Plaintiff requested that the Court seal the Complaint and accompanying papers so that Defendants did not take steps to avoid service of process and spoliate evidence.

While only one of the Defendants in this case has been served, Plaintiff believes that at this time it is unlikely that maintaining the seal will have a material impact on his ability to serve the remaining Defendants or their preservation of the evidence. Given that Comstock was served over a month ago, Plaintiff anticipates he may have already notified the other two Defendants, his former colleagues, about this action. Plaintiff has also initiated substituted service on Defendant Gilmore through his usual mailing address and proposes to finalize that service within the next 10 days. Plaintiff also seeks to serve Defendant Golan, if the Court so orders,

by alternative service via his email. Plaintiff therefore respectfully requests that the Court unseal the Complaint and other accompanying papers.

**IV. Conclusion**

For these reasons, the Court should grant Plaintiff's motion to extend the time to serve on Defendant Gilmore by 10 days from March, 23, 2026, to extend the time to serve Defendant Golan by 30 days and permit alternative service on him via email, or in the alternative to extend the time to serve Golan by 90 days to permit Plaintiff to conduct further investigations, and to unseal the Complaint and accompanying papers.

Dated: March 19, 2026

Respectfully submitted,

By: /s/ Daniel McLaughlin

Daniel McLaughlin (SBN: 315326)
Cole Newcomb (SBN: 365455)
CENTER FOR JUSTICE
AND ACCOUNTABILITY
268 Bush Street #3432
San Francisco, CA 94104
Tel: (415) 544-0444

*Attorneys for Plaintiff*

14