Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Cole Newcomb (SBN: 365455)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

FILED

MAR 1 9 2026

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

ORDERED UNSEALED on **03/26/2026    s/ andreasan**

SEALED

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSSAF ALI MAYO, | Case No. '25CV3651 LL AHG |
| Plaintiff, | **AFFIRMATION OF DANIEL MCLAUGHLIN IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS GILMORE AND GOLAN, FOR ALTERNATIVE SERVICE TO SERVE DEFENDANT GOLAN, AND TO UNSEAL THE COMPLAINT AND ACCOMPANYING PAPERS** |
| v. | |
| ABRAHAM GOLAN, ISAAC GILMORE, and DALE COMSTOCK, | |
| Defendants. | |

1

I, Daniel McLaughlin, upon my personal knowledge, hereby declare as follows:

1.      I am one of the attorneys for Plaintiff, who brings this action against Defendants for torts in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, and for assault and battery under California Code of Civil Procedure § 354.8. The torts include claims of attempted murder as a war crime, attempted extrajudicial killing, and persecution as a crime against humanity.

2.      In conjunction with the filing of the Complaint in this action, Plaintiff sought leave of the Court to temporarily file the Complaint and accompanying papers under seal until service was effected on Defendants. The Court granted this motion, sealing the Complaint and accompanying documents.

3.      Plaintiff has served Defendant Comstock. Plaintiff now seeks to unseal the Complaint and accompanying pleadings and requests additional time to serve Defendant Golan and Defendant Gilmore. Plaintiff also seeks a court order allowing Plaintiff to effect alternative service on Defendant Golan through email.

4.      I provide the below based on my communications with the private investigations firm we are working with to complete service, representations by process servers who have attempted service on Defendants, and my review of open-source and online documentation.

5.      Defendant Comstock was personally served with the Complaint and summons on February 11, 2026.

6.      Our investigation of Defendant Gilmore revealed that he is currently associated with an address in San Diego, California.[1] Gilmore is registered to vote in California at this address. His voter registration was most recently updated in September 2024.

---

[1] Plaintiff is not noting the actual address in this filing to protect the confidentiality of the individual in charge of that mailing address.

2

7. On information and belief, this is also the address associated with his California driver's license.

8. Plaintiff attempted service of process at the San Diego address on February 11, 2026. The process server spoke with the resident, who stated that, while Gilmore does not reside there, he receives and picks up mail at the address.

9. Concurrently, our private investigations firm conducted additional investigation and skip tracing into Gilmore, based on reviews of open-source and online documentation, real estate records, voting records, and other sources, which yielded a potential connection to an address in Washington, D.C.

10. Plaintiff's process server attempted to serve Gilmore at this Washington, D.C. address on February 12, 2026. This attempt was unsuccessful.

11. In March, Plaintiff's process server attempted to effectuate substituted service on Defendant Gilmore at the San Diego address, which had been identified as Gilmore's usual mailing address.

12. Plaintiff's process server attempted substituted service at this usual mailing address over the course of several days on three separate occasions. These attempts were unsuccessful as the resident of the address was not present.

13. Our investigations, through review of open source and online sources, indicated that the resident of the usual mailing address, the intended "competent member of the household" for the purpose of substituted service, was temporarily travelling out of state on the days substituted service was attempted. We continued to monitor the San Diego address to ensure that substituted service could be effected within a reasonable time.

14. On March 19, Plaintiff's process server successfully delivered substituted process at Defendant Gilmore's usual mailing address (the San Diego address) and mailed process to him at this address. As additional notice, Plaintiff will also mail the Complaint and summons to an address listed on the articles of incorporation for a business recently formed by Defendant Gilmore.

15.     Given the difficulties locating Defendant Gilmore and the delays in effecting substituted service on him, Plaintiff requires additional time to ensure that ten-days have passed since delivering and mailing substituted service to Defendant Gilmore, thus ensuring that service of process is complete.

16.     Similarly, Plaintiff has been diligent in trying to locate and serve Defendant Golan through the investigations and skip tracing conducted by his lawyers and the investigations firm.

17.     The investigation into Golan has included a review of open-source and online documentary, searches of financial and business records, reviews of proprietary databases by our investigations firms, reviews of social media, searches in news and media publications, and reviews of other databases and government resources.

18.     These searches revealed that Golan was associated with an address in Connecticut.

19.     The investigation revealed that Defendant Golan lived at this Connecticut address, a rented townhouse. The results of the skip tracing conducted by our investigations firm indicated that Golan continued to live at this address.

20.     Plaintiff's process server attempted service of process at this address three times between February 11, 2026 and February 13, 2026. As reported by the process server and our investigations firm, Golan appears to no longer reside at this address and had moved.

21.     Our concurrent investigations into other addresses where Golan may reside revealed an address in Maine, where Golan potentially resided. Our attempt at personal service at this address was unsuccessful.

22.     We have not been able to identify Defendant Golan's current residence. However, our investigations have revealed two active email addresses used by Defendant Golan.

23. These two email addresses, "tipofthespear13@gmail.com" and "ravenmilitary@gmail.com", are active, can received emails, and are associated with business enterprises that Golan founded and oversaw.

24. Our investigations firm used an email verification tool produced by Hunter.io to confirm that these two addresses are active and can received emails. The majority of other emails associated with Defendant Golan that we have identified were not found to be active or capable of receiving emails through this tool.

25. Our investigations firm conduct open source and proprietary database investigations which uncovered Defendant Golan's connection to the "tipofthespear13@gmail.com" address. First, Defendant Golan was associated with the email as indicated from an online data breach dataset. Second, several online accounts were created using Defendant Golan's name and using this email. Third, the email was used to create a Facebook profile alongside a phone number that appears likely to be associated with Defendant Golan.

26. Our investigations firm conducted searches of the above cited databases, which uncovered Defendant Golan's association with "ravenmilitary@gmail.com." We had previously identified a phone number associated with Defendant Golan. This phone number, and this email address, were used to create a rider-share account, which suggests a strong association with Defendant Golan.

27. Defendant Golan has founded and been associated with four business entities containing the word "Spear" in the name. These four entities include: Spear Operations Group LLC, the entity involved in the acts underlying Plaintiff's claim; Spear Tactical, LLC, which Spear Operations Group changed its name to in 2016; Spear International LLC; and Spear Capital LLC. Defendant Golan conducted significant business activities while founding and running the above entities, including the activities alleged in Plaintiff's complaint. Plaintiff has the reasonable

belief that the above business email was regularly used by Defendant Golan while operating his business entities.

28. Websites for Spear Capital LLC, Spear International LLC, and Spear Tactical LLC were consolidated and linked to on a website titled "ravenmilitary.com." The website for Spear Operations Group contained nearly identical content to that contained on the Raven Military website. Raven Military was created and operated by Defendant Golan alongside his other enterprises. The "ravenmilitary@gmail.com" address was associated with the Raven Military website and, given the website's close association with Defendant Golan's business enterprises, was likely used for communications related Defendant Golan's operation of these entities.

29. Our investigations into Defendant Golan have revealed business associations both within the U.S. and abroad. We are conducting ongoing research and skip trace investigations to reveal additional information related to these connections.

30. On information and belief, Defendant Golan is not a U.S. citizen and is a dual national of two foreign states. In addition, I believe Golan is employed by an entity that maintains headquarters both in the U.S. and abroad in the following locations: London, U.K.; Milan, Italy; Abu Dhabi, UAE; Singapore; and The Bahamas.

31. Defendant Golan has a long history of conducting business abroad and has demonstrated a clear ability to travel and reside abroad.

32. Defendant Golan has formed a number of foreign business enterprises that are currently active abroad.

33. Defendant Golan has also been associated with a number of inactive entities abroad: Jadran Invest Group DOO, based in Montenegro, and Crno Jezero Group, based in Serbia.

6

34.     Defendant Golan possess financial resources that have enabled him to own and rent multiple residences, and that have facilitated his travel across the U.S. and abroad.

35.     At least one of Defendant Golan's family members resides abroad.

36.     On information and belief, it is my understanding that Defendant Golan has left the U.S. and now resides in a foreign country.

37.     Given the difficulty we have experienced locating Defendant Golan, and the nature of his monetary resources and international connections, Plaintiff requires additional time to effect reasonable means of service of process on him.

38.     For all these reasons, the motion should be granted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 18th day of March, 2026, in San Francisco, California.

Daniel McLaughlin (SBN: 315326)
dmclaughlin@cja.org
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444