Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Cole Newcomb (SBN: 365455)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSSAF ALI MAYO,<br><br>Plaintiff,<br><br>v.<br><br><br>ABRAHAM GOLAN,<br>ISAAC GILMORE, and<br>DALE COMSTOCK,<br><br>Defendants. | Case No. 25CV3651-LL-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT COMSTOCK'S MOTION TO DISMISS** |

1

## **INTRODUCTION**

Plaintiff filed his Complaint under seal on December 23, 2025, and has since diligently monitored deadlines relevant to Plaintiff's timely participation in this litigation. While under seal, all pleadings and orders in this case were in physical format, under ECF Administrative Policies and Procedures, Section 2(j). On March 19, 2026, Plaintiff filed a motion for an order unsealing Plaintiff's Complaint and the rest of the docket. Dkt. No. 2.

The Court granted Plaintiff's motion unsealing the Complaint, accompanying papers, and the rest of the case file on March 26, 2026. Dkt. No. 8. The next day, on March 27, 2026, while viewing the newly created ECF docket, Plaintiff discovered that Defendant Comstock mailed a Motion to Dismiss the Complaint directly to the Court, which was placed on the docket on March 3, 2026. Defendant Comstock did not contact counsel for Plaintiff prior to the filing of the motion to discuss the substance of the contemplated motion, nor did he provide any notice that such a motion had been filed. Judge Lopez Civil Chamber Rules, ¶ 3(A). Because this case previously had no electronic docket and the physical Motion to Dismiss was not delivered to Plaintiff, Plaintiff had no reason to know that this motion had been filed. Had Plaintiff known of the Motion to Dismiss, Plaintiff would have filed a motion in opposition.

According to Plaintiff's calculations, had Defendant Comstock properly noticed a hearing date for the Motion to Dismiss, Plaintiff's deadline to file an opposition would have been due March 24, 2026. This date has since passed. Because Plaintiff never received the Motion to Dismiss, either through mail or any other means; and had no notice that the Motion to Dismiss was filed, Plaintiff moves for an extension of his deadline to file an opposition to Defendant Comstock's Motion to Dismiss. Good cause exists for this extension.

## STATEMENT OF RELEVANT FACTS

Before the Court granted Plaintiff's motion to unseal the case, all filings in the case were physical and in paper format. There was no electronic docket. Notice of a motion or order was achieved through physical delivery or mail. When the Court unsealed the case file on March 26, 2026, all previously sealed filings became available through the Court's electronic docket for the first time on March 27, 2026. Affirmation of Daniel McLaughlin ("Aff.") ¶¶ 3-8. On March 27, 2026, Plaintiff learned that Defendant Comstock had filed a Motion to Dismiss on March 3, 2026. Aff. ¶ 7. Plaintiff's counsel have been diligently monitoring their mailing address for filings in this case. Aff. ¶¶ 9, 12. However, Plaintiff never received the Motion to Dismiss, either by mail or other means. Aff. ¶¶ 9-10. Defendant Comstock never served Plaintiff with the Motion to Dismiss. Aff. ¶ 11. Plaintiff had no notice of and was unaware that the motion had been filed until March 27, 2026. Aff. ¶¶ 7, 11.

Plaintiff's deadline to oppose the motion is based on the hearing date, which should be noticed by the party filing the motion. Judge Lopez Civil Chamber Rules, ¶ 3(B). By Plaintiff's calculation, the hearing date for Defendant Comstock's Motion to Dismiss should have been set for April 7, 2026. *See Id*. Plaintiff's deadline to file an opposition would be due 14 days before this date, or March 24, 2026. This date has since passed.

Because Plaintiff had no knowledge that this Motion to Dismiss had been filed, Plaintiff did not file an opposition to the motion. Aff. ¶¶ 3-12.

Plaintiff has been diligent in tracking deadlines relevant to the other Defendants. Aff. ¶ 12. Defendant Golan was served with the summons and complaint via email, pursuant to the Court's March 26, 2026 order, on March 27, 2026. *See* March 27, 2026 Proof of Service on Defendant Golan (Exhibit A);[1] Aff. ¶

---

[1] All exhibits are to the Affirmation of Daniel McLaughlin accompanying this motion.

14. From this date, Golan has until April 17, 2026 to file an answer or response. Plaintiff's deadline to oppose any Motion to Dismiss filed by Golan on April 17, 2026 would be May 8, 2026. Similarly, service of process on Defendant Gilmore became effective on March 29, 2026. Aff. ¶ 13. Out of an abundance of caution, and to ensure Defendant Gilmore's actual notice, the Complaint and summons were also mailed to Defendant Gilmore's usual place of business on March 20, 2026. *See* March 20, 2026 Proof of Service on Defendant Gilmore (Exhibit B). From March 29, 2026, Defendant Gilmore has until April 19, 2026 to file an answer or response. Plaintiff's deadline to oppose any motion filed by Gilmore on April 19, 2026 would be May 10, 2026.

**ARGUMENT**

**I. Good Cause Exists for an Extension of Time to File an Opposition to Defendant Comstock's Motion to Dismiss.**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may grant an extension for "good cause" after the relevant time has expired if the moving party demonstrates "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'[E]xcusable neglect' under Rule 6(b) is a somewhat elastic concept" that "may extend to inadvertent delays." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92 (1993). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (*citing Pioneer*, 507 U.S. 380, 395 and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 2000)).

Each of the *Pioneer/Briones* factors supports a finding that Plaintiff's neglect was excusable.

4

First, an extension is unlikely to prejudice Defendant Comstock because it is occurring early in the proceedings. *See Panzl v. United Airlines, Inc.*, No. 3:25-CV-2046-WQH-DEB, 2025 WL 3005344, at *2 (S.D. Cal. Oct. 27, 2025) (finding no prejudice where a delayed filing occurred early in the proceedings).

Second, the extension will not significantly impact the proceedings. At this stage, the Court has not yet issued a scheduling order and so no other deadlines in the case would be impacted by this short extension. *See Goens v. Adams & Assocs., Inc.*, No. 216CV00960TLNKJN, 2018 WL 263896, at *3 (E.D. Cal. Jan. 2, 2018) (finding no impact on proceedings where case was "at an early stage, and the Court has not yet issued a scheduling order or set any litigation deadlines.").

Third, the failure to file an opposition by March 24, 2026 was caused by "circumstances beyond [Plaintiff's] control", meaning that Plaintiff's neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92 (1993). Plaintiff was never served with or provided with notice of Defendant Comstock's motion. As a result, despite Plaintiff's diligence and because of the sealed docket, Plaintiff had no way to become aware of the approaching deadline to oppose the motion. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-93 (1993) (excusable neglect is met by appropriate forms of mistake, "as well as by intervening circumstances beyond the party's control.").

Finally, Plaintiff has consistently engaged in a good faith effort to track all relevant deadlines and meet his obligations before the Court. *See Panzl v. United Airlines, Inc.*, No. 3:25-CV-2046-WQH-DEB, 2025 WL 3005344 (S.D. Cal. Oct. 27, 2025) (finding "no evidence of bad faith"). For example, Plaintiff engaged in a good faith effort to serve all the Defendants and when necessary, sought an extension of that deadline before it expired. Dkt. No. 7.

This Court has granted an extension of time to submit filings in circumstances where parties had actual notice and made errors. *See Panzl v. United Airlines, Inc.*, No. 3:25-CV-2046-WQH-DEB, 2025 WL 3005344, at *2 (S.D. Cal. Oct. 27, 2025)

(granting an extension of time to oppose a Motion to Dismiss for "an inadvertent calendaring mistake"); *Anticancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, No. 09CV1311 WQH (JMA), 2010 WL 11462856, at \*2 (S.D. Cal. Apr. 9, 2010) (granting plaintiff's motion for more time in light of Plaintiff's "failure to monitor deadlines"); *Quinones v. Zurich Am. Ins. Co.*, No. 18CV467-GPC(MDD), 2018 WL 11651354, at \*1 (S.D. Cal. July 16, 2018) (granting an extension of time where plaintiff "accidentally misplaced the document" and didn't serve it on the defendant.). Here, Plaintiff made no mistake or error which should also weigh in favor of providing the extension.

Plaintiff seeks an order setting the deadline to file an opposition to Defendant Comstock's Motion to Dismiss to May 10, 2026, which would align this deadline with those for the other two Defendants in this case, Defendant Golan and Defendant Gilmore, both of whom have been served. Defendant Golan's and Defendant Gilmore's deadlines to respond to the Complaint are April 17 and April 19, 2026, respectively. From these dates, Plaintiff's deadline to file oppositions to their motions to dismiss would be May 8 and May 10, 2026, respectively. An order setting the deadline to file an opposition to Defendant Comstock's Motion to Dismiss to May 10, 2026 would allow the Court to consider all of the pending motions to dismiss collectively, rather than in a piece meal fashion.

<strong>CONCLUSION</strong>

For these reasons, Plaintiff request that the Court grant Plaintiff's motion to extend the time to oppose Defendant Comstock's Motion to Dismiss to May 10, 2026.

Dated: March 31, 2026

Respectfully submitted,

By: /s/ Daniel McLaughlin

Daniel McLaughlin (SBN: 315326)
Cole Newcomb (SBN: 365455)
CENTER FOR JUSTICE
AND ACCOUNTABILITY
268 Bush Street #3432
San Francisco, CA 94104
Tel: (415) 544-0444

*Attorneys for Plaintiff*