FILED

MAY 21 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANSSAF ALIMAYO, Plaintiff

v.

ABRAHAM GOLAN, et al., Defendants

Case No. 3:25-cv-03651-LL-AHG

# DEFENDANT DALE COMSTOCK'S REPLY IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's Opposition fails to establish personal jurisdiction, fails to state a claim, and improperly attempts to apply the Alien Tort Statute to extraterritorial conduct.

## II. PERSONAL JURISDICTION

A single meeting in California does not constitute purposeful availment. No agreement, no unlawful act, and no conduct directed toward California has been established.

## III. NO AGREEMENT OR PAYMENT

No agreement, contract, or payment was made in California. Defendant did not accept $40,000 in California, and no financial records exist to support that allegation.

## IV. LIMITED ROLE AND FOREIGN CONDUCT

Defendant's role, if any, was limited to advisory and training functions under a foreign sovereign military. All alleged operational conduct occurred outside the United States.

## V. ATS DOES NOT APPLY

All alleged conduct occurred outside the United States, and Plaintiff has failed to establish the required domestic nexus.

## VI. CCP § 354.8 CANNOT BE APPLIED CONSISTENT WITH DUE PROCESS

Plaintiff's argument mischaracterizes the issue. The question is not whether § 354.8 purports to revive claims, but whether applying that statute to the alleged conduct in this case is constitutionally permissible.

Plaintiff attempts to label the statute as prospective, but courts must examine whether a statute attaches new legal consequences to past conduct. Landgraf v. USI Film Products, 511 U.S. 244 (1994).

Here, Plaintiff seeks to impose liability for alleged conduct in December 2015—before the statute became effective. Applying the statute would alter the legal consequences of past conduct and undermine settled expectations.

Accordingly, Plaintiff's claims remain time-barred and cannot be revived in this case.

## VII. CONCLUSION

Plaintiff has failed to establish jurisdiction or a viable claim. The Complaint should be dismissed.

DATED: _14 MAY 2026_

/s/ Dale Comstock

Dale Comstock
Defendant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on _/4 MAY 2026_ , I caused a true and correct copy of the foregoing document to be served via Federal Express, addressed to:

Daniel McLaughlin
Cole Newcomb
Center for Justice and Accountability
268 Bush St #3432
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _14 MAY 2026_

/s/ Dale Comstock

Dale Comstock
Defendant, Pro Se





359-7098

SP:PD:100-Y
ETP:2

SAN DIEGO,CA
333 W BROADWAY
9101-3806-30
4947 THU 05/21 07:19

CA-US    SAN

92101
ETD
1P EOD
5:00P

XX SDMA

TRK# 0430
8718 2589 1110



FedEx Express

(US)

58KJ3/A90/848B

TO CLERK OF COURT
US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
333 WEST BROADWAY, SUITE 420
SAN DIEGO CA 92101

PO:
REF:
DEPT:
INV: 16195575600

SHIP DATE: 15MAY26
ACTWGT: 0.10 KG
CAD: 250705390/INET4535

BILL SENDER

ID

ORIGIN ID:DPSA
DALE COMSTOCK
50 BERANDA MUMBUL
BERANDA RAYA NO 50
BADUNG, 80361

185062507766



◄ Insert shipping
document here.