

FILED

JUL 06 2026

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANSSAF ALI MAYO,
Plaintiff,

v.

ABRAHAM GOLAN, ISAAC GILMORE, and DALE COMSTOCK,
Defendants.

Case No.: 25-cv-03651-LL-AHG

**DEFENDANT DALE COMSTOCK'S SUPPLEMENTAL BRIEF REGARDING CISCO SYSTEMS, INC. v. DOE I**

## I. INTRODUCTION

Pursuant to the Court's Order dated June 23, 2026, Defendant Dale Comstock submits this supplemental brief addressing the impact of *Cisco Systems, Inc. v. Doe I*, 609 U.S. ___, 2026 WL 1791225 (June 23, 2026), on Defendant's Motion to Dismiss.

Properly understood, *Cisco* reinforces the Supreme Court's consistent directive that U.S. courts must not extend liability to foreign conduct absent a substantial and direct domestic nexus. Plaintiff's claims fail because they attempt to impose liability based on alleged conduct occurring outside the United States without the required domestic connection.

## II. CISCO REAFFIRMS LIMITS ON EXTRATERRITORIAL LIABILITY

The Supreme Court's decision in *Cisco* is consistent with its prior precedents limiting the extraterritorial application of U.S. law, including the requirement that claims must "touch and concern" the United States with sufficient force to displace the presumption against extraterritoriality.

In *Cisco*, the Court reaffirmed that claims premised on conduct occurring abroad are subject to strict limitations and require a clear and substantial connection to the United States. The decision continues the Court's pattern of limiting attempts to transform foreign disputes into domestic litigation.

Here, Plaintiff's allegations concern events that allegedly occurred entirely outside the United States. Plaintiff identifies no actionable conduct by Defendant Comstock within the United States that gives rise to the alleged injuries. This deficiency warrants dismissal under controlling Supreme Court precedent.

To the extent Plaintiff contends that *Cisco* supports an expansion of liability based on limited or tangential domestic conduct, such a reading is incorrect. The Supreme Court did not authorize the use of generalized domestic contacts to impose liability for conduct occurring abroad. Rather, *Cisco* reinforces that any domestic conduct must be substantial, directly tied to the alleged wrongdoing, and sufficient to establish a meaningful connection to the United States. Plaintiff's reliance on a single meeting involving general discussions—untethered to any agreement, payment, or operational conduct—falls far short of this standard. Accordingly, any attempt to invoke *Cisco* to salvage Plaintiff's claims is misplaced.

## III. CISCO DOES NOT EXPAND PERSONAL JURISDICTION

Nothing in *Cisco* alters the fundamental requirement that a defendant must have purposefully directed conduct at the forum giving rise to the claims asserted. Personal jurisdiction cannot be established based on generalized or attenuated contacts.

As set forth in Defendant's Motion to Dismiss:

- No agreement was formed in California
- No payment was made or received in California
- No operational planning occurred in California
- No conduct giving rise to Plaintiff's claims occurred in California

Plaintiff's reliance on a single meeting in California involving general discussions unrelated to the alleged conduct is insufficient to establish jurisdiction. Because Plaintiff has not identified conduct by Defendant Comstock purposefully directed at California that gives rise to the claims asserted, the exercise of personal jurisdiction would not comport with due process.

## IV. PLAINTIFF'S CLAIMS REMAIN UNSUPPORTED BY EVIDENCE

Even in light of *Cisco*, Plaintiff's claims fail for the independent reason that they are unsupported by factual evidence.

Plaintiff has not identified:

- Any bank record or financial document evidencing payment to Defendant
- Any written or verbal agreement involving Defendant
- Any communication confirming Defendant's alleged involvement

- Any documentary evidence establishing Defendant's role in the alleged events

Plaintiff's reliance on narrative sources, rather than documentary evidence, does not satisfy the requirement to plead and support a plausible claim. Plaintiff's attempt to rely on a literary work—which incorporates dramatization and is not a factual or documentary account—cannot substitute for admissible evidence.

## V. CISCO CONFIRMS THAT PLAINTIFF'S CLAIMS CANNOT PROCEED

The Supreme Court's decision in *Cisco* confirms that claims based on foreign conduct must be dismissed where the alleged domestic connection is insufficient.

Here, Plaintiff seeks to impose liability based on:

- Foreign conduct
- No agreement in the United States
- No domestic execution of any alleged act
- No evidentiary support for key allegations

Under controlling Supreme Court precedent, Plaintiff's claims—based on foreign conduct, unsupported by evidence, and lacking a substantial domestic nexus—cannot proceed as a matter of law.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Dismiss.

DATED: 3 AUG 2026

Respectfully submitted,

Dale Comstock
Defendant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I served a true and correct copy of the foregoing Supplemental Brief by depositing it in the United States Mail, postage prepaid, addressed to:

Daniel McLaughlin
Center for Justice and Accountability
268 Bush Street, Suite 3432
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: 3 AUG 2026

Dale Comstock





Envelope
Recycle me.

Align top of FedEx® shipping label here.