Daniel McLaughlin (SBN: 315326)
    dmclaughlin@cja.org
Cole Newcomb (SBN: 365455)
    cnewcomb@cja.org
CENTER FOR JUSTICE AND
ACCOUNTABILITY
268 Bush St #3432
San Francisco, CA 94104
(415) 544-0444

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSSAF ALI MAYO,<br><br>        Plaintiff,<br><br>    v.<br><br>ABRAHAM GOLAN,<br>ISAAC GILMORE, and<br>DALE COMSTOCK,<br><br>        Defendants. | Case No. 25CV3651-LL-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)** |

25cv3651

**INTRODUCTION**

Plaintiff seeks leave to amend his Complaint. Plaintiff files the instant motion for leave to amend, along with his proposed Amended Complaint attached hereto.

**STATEMENT OF RELEVANT FACTS**

Plaintiff filed his Complaint on December 23, 2025. Dkt. No. 1. Plaintiff has since engaged in a good faith effort to promptly and diligently litigate his claims under the Alien Tort Statute, 28 U.S.C. § 1350, (ATS) and California law. On June 23, 2026, the Supreme Court issued its decision in *Cisco Sys., Inc. v. Doe I*, which substantially altered the legal framework for causes of action under the ATS. *Cisco Sys., Inc. v. Doe I*, 609 U.S. ---, 2026 WL 1791225, at *7-8 (June 23, 2026). Plaintiff seeks leave to amend his Complaint to focus on the Court's continued jurisdiction over Plaintiff's California law claim pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(2), against Defendants Gilmore and Comstock. Plaintiff's Amended Complaint includes a new Yemeni law claim against the Defendants for the same underlying conduct. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit A. *See* Exhibit A. His proposed Amended Complaint with redlined changes is attached as Exhibit B. *See* Exhibit B.

**ARGUMENT**

**I.    The Court Should Grant Plaintiff's Motion for Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). FRCP Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of*

*Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The most important factor under this analysis is whether amending the complaint would cause prejudice to the non-moving party. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining…factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. Here, all five factors weigh in favor of granting Plaintiff's motion.

**a. Plaintiff Does Not Act in Bad Faith in Filing this Motion for Leave to Amend**

Plaintiff has not demonstrated bad faith in seeking leave to amend the Complaint. Rather, Plaintiff seeks to promptly amend in light of a recent change in the law. On June 23, 2026, in *Cisco Sys., Inc. v. Doe I*, the Supreme Court "close[d] the door…to judicially created ATS liability," impacting Plaintiff's claims under the Alien Tort Statute as pled. *Cisco Sys.*, 2026 WL 1791225, at *8. Indeed, "[i]t is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014) (concluding that plaintiffs should have the opportunity to amend their complaint in light of a Supreme Court decision affecting ATS litigation). Here, Plaintiff seeks to amend the Complaint to continue his good faith litigation in line with the Supreme Court's recent jurisprudence. This factor weighs in favor of granting Plaintiff's motion

**b. Granting Leave to Amend the Complaint Will Not Cause Undue Delay**

25cv3651

Plaintiff moves for leave to amend the Complaint early in this litigation and prior to discovery, thus avoiding any undue delay. "Generally, a motion to amend filed prior to the initiation of discovery, 'where no other proceedings have taken place in the interim,' is not seen as unduly delayed." *LifeVoxel Virginia SPV, LLC v. LifeVoxel.AI, Inc.*, No. 22-CV-1917-GPC, 2023 WL 3729397, at *2 (S.D. Cal. May 30, 2023) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)). Relevant to finding undue delay is if Plaintiff knew or should have known of the facts or theories raised in the amendment. *Stanz v. Brown*, No. 22-CV-1164-GPC(JLB), 2023 WL 2254910 (S.D. Cal. Feb. 27, 2023). Here, Plaintiff's amendment is necessitated solely by a new development in the law. Accordingly, no undue delay will be caused by Plaintiff's Amended Complaint.

### c.  Defendants Will Not Be Prejudiced If This Motion is Granted

Plaintiff's Amended Complaint presents substantially similar claims as those present in the initial Complaint, arises from the same set of operative facts, and is presented early in this litigation. Accordingly, Defendants will not be prejudiced if this motion was granted.

Prejudice is the critical factor in considering motions for leave to amend. *Eminence Cap.*, 316 F.3d at 1052. However, the burden is on the Defendants to demonstrate prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Further, "[t]here must be clear prejudice to overcome the strong Rule 15 policy supporting liberal amendment." *Kendrick v. Cnty. of San Diego*, No. 15CV2615-GPC(RBB), 2017 WL 2692903, at *6 (S.D. Cal. June 22, 2017) (citing *Hurn v. Ret. Fund Tr. of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) and *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016)). "The burden of having to defend a new claim alone is not undue prejudice under Rule 15." *Lindsey v. Elsevier Inc.*, No. 16CV959-GPC(DHB), 2017 WL 3492151, at *9 (S.D. Cal. Aug. 15, 2017) (quoting *DCD*

*Programs*, 833 F.2d at 187). This is especially the case where any new claims do not greatly alter the nature of the litigation and do not require the defendants to adopt a new course of defense. *Stanz v. Brown*, No. 22-CV-1164-GPC(JLB), 2023 WL 2254910, at *3-4 (S.D. Cal. Feb. 27, 2023) (finding no prejudice where "new claims and allegations do not alter the nature of the litigation to a significant extent as they all concern Defendant Brown's allegedly improper and illegal actions"). Under Plaintiff's proposed Amended Complaint, Plaintiff will continue to seek to hold Defendants liable for their attempt to assassinate him based on the same set of operative facts in the Complaint. Accordingly, this factor weighs in favor of granting leave.

### d.   Plaintiff's Amendments to the Complaint Are Not Futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion ... such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters*, 219 F. Supp. 2d at 1086. Courts generally do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, instead deferring consideration of challenges to the merits after leave to amend is granted and the amended pleadings are filed. *See id.*; *Michel v. United States Customs & Border Prot.*, No. 16CV277-GPC(RBB), 2017 WL 3605332, at *3 (S.D. Cal. Aug. 22, 2017). Plaintiff's Amended Complaint alleges facts that, if proved, constitute valid and sufficient claims under California and Yemeni law. The Court's subject matter jurisdiction over these claims is established

pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(2).[1] Accordingly, Plaintiff's proposed amended complaint is not futile.

**e. Plaintiff has not Previously Amended the Complaint, so This Factor Weighs in Favor of Granting Leave to Amend**

The fact that a court has previously granted leave to amend a complaint may weigh against granting a subsequent motion to amend. *See Dassault Systemes Solidworks Corp. v. Torrey Pines Logic, Inc.*, No. 23-CV-01200-H-DEB, 2024 WL 1055099, at *2 (S.D. Cal. Mar. 8, 2024) (granting leave to amend complaint since "this is only Plaintiff's second amendment of its complaint"). Here, Plaintiff has not previously amended the Complaint. So, this factor weighs in favor of granting leave to amend. *See Maddern v. Austin*, No. 21-CV-1298-MMA (BLM), 2022 WL 206806, at *4 (S.D. Cal. Jan. 24, 2022); *Holm v. Acima Credit Digital, LLC*, No. 3:24-CV-02345-GPC-DTF, 2025 WL 951273, at *3 n.1 (S.D. Cal. Mar. 27, 2025) (noting that "[b]ecause this is Plaintiff's first request to amend in this action, the Court need not discuss whether Plaintiff has previously amended his complaint.")

**CONCLUSION**

For these reasons, Plaintiff requests that the Court grant Plaintiff's Motion for Leave to Amend the Complaint.

Dated: July 7, 2026

Respectfully submitted,

By: /s/ Daniel McLaughlin

---

[1] As detailed in the proposed Amended Complaint, jurisdiction is proper under 28 U.S.C. § 1332(a)(2) as Plaintiff is a foreign citizen who resides abroad, Defendants Gilmore and Comstock are U.S. citizens, and the amount in controversy exceeds the sum or value of $75,000.

Daniel McLaughlin (SBN: 315326)
Cole Newcomb (SBN: 365455*)*
CENTER FOR JUSTICE
AND ACCOUNTABILITY
268 Bush Street #3432
San Francisco, CA 94104
Tel: (415) 544-0444

*Attorneys for Plaintiff*