UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANSSAF ALI MAYO,
Plaintiff,



v.

ABRAHAM GOLAN, ISAAC GILMORE, and DALE COMSTOCK,
Defendants.

Case No.: 25-cv-03651-LL-AHG

## DEFENDANT DALE COMSTOCK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

## I. INTRODUCTION

Defendant Dale Comstock respectfully opposes Plaintiff's Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

While Rule 15 permits liberal amendment, leave should be denied where amendment would be futile. Here, Plaintiff's proposed amended complaint does not cure the fundamental defects identified in Defendant's Motion to Dismiss. Instead, Plaintiff abandons his federal claims and attempts to repackage the same allegations under state and foreign law without establishing jurisdiction or a viable legal basis.

Because the proposed amendment fails as a matter of law, the Court should deny leave to amend.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." However, courts routinely deny leave where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is futile where the proposed pleading would be subject to dismissal under Rule 12(b)(6) or where the Court lacks jurisdiction over the claims.

## III. ARGUMENT

1/5

## A. AMENDMENT IS FUTILE BECAUSE THE COURT LACKS PERSONAL JURISDICTION

Defendant does not seek to resolve factual disputes at this stage, but rather to demonstrate that Plaintiff's proposed amendment fails to allege sufficient facts to state a plausible claim.

Plaintiff's proposed amended complaint fails to establish personal jurisdiction over Defendant Comstock.

Plaintiff alleges that jurisdiction exists because a "substantial part" of the conduct occurred in California. However, the only alleged connection to California is a single meeting involving general discussions. Plaintiff does not allege:

- Any contract formed in California
- Any payment made or received in California
- Any operational conduct occurring in California
- Any acts in California giving rise to the alleged injury

A single, unrelated meeting does not constitute purposeful direction toward the forum sufficient to establish personal jurisdiction. Plaintiff's attempt to transform limited and attenuated contact into a jurisdictional basis fails as a matter of law.

Because Plaintiff cannot establish personal jurisdiction, amendment is futile.

## B. AMENDMENT IS FUTILE BECAUSE PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM

While the Court must accept well-pleaded facts as true, it is not required to accept conclusory allegations or unwarranted inferences. Plaintiff's proposed amendment relies on precisely such conclusory assertions.

Plaintiff repeatedly alleges, "on information and belief," that:

- Defendant accepted payment
- Defendant agreed to participate in unlawful conduct in the United States
- Financial transactions occurred through U.S. accounts

However, Plaintiff provides no supporting documentation, including:

- Bank records
- Contracts or agreements
- Communications
- Verified witness statements

Such speculative allegations do not meet the plausibility standard required under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## C. PLAINTIFF'S NEW THEORY DOES NOT CREATE A DOMESTIC NEXUS

Plaintiff attempts to cure jurisdictional defects by alleging that planning and agreement occurred in the United States. This argument fails.

The alleged injury arises from conduct that occurred entirely outside the United States. Plaintiff's attempt to base jurisdiction on preliminary or tangential domestic activity is insufficient to establish a substantial connection to the forum.

Courts have consistently rejected attempts to bootstrap foreign conduct into domestic jurisdiction based on limited preparatory acts.

## D. PLAINTIFF'S RELIANCE ON SPECULATIVE AND NARRATIVE SOURCES CONFIRMS FUTILITY

Plaintiff's allegations rely heavily on public reporting and narrative accounts rather than admissible evidence.

Plaintiff references media reports and generalized statements, rather than documentary or verifiable evidence. Such reliance underscores the absence of a factual foundation necessary to sustain the claims.

## E. ALLOWING AMENDMENT WOULD PREJUDICE DEFENDANT

Although Plaintiff argues that amendment will not cause prejudice, allowing amendment would force Defendant to respond to a restructured complaint that remains legally deficient.

Plaintiff's amendment does not clarify the issues—it expands them by introducing new legal theories without resolving jurisdictional defects. This would unnecessarily prolong litigation and impose additional burden on Defendant.

## F. PLAINTIFF'S ALLEGATION OF A $40,000 PAYMENT IS SPECULATIVE AND UNSUPPORTED

Plaintiff's allegation that Defendant accepted a $40,000 payment is wholly conclusory and unsupported by any factual evidence. Plaintiff provides no bank records, wire transfers, receipts, or other financial documentation to substantiate this claim. Nor does Plaintiff identify the date, method, or source of any such payment. Although allegations on information and belief may be permitted in limited circumstances, they must still be supported by specific factual content. Here, Plaintiff provides none.

Instead, Plaintiff relies on allegations made "on information and belief," which are insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), where, as here, the facts are not peculiarly within

3/6 ς

Defendant's control and could be substantiated through objective financial records if they existed.

The absence of any documentary support for such a specific and material allegation strongly indicates that the claim is speculative. Because Plaintiff's jurisdictional and substantive theories depend in part on this alleged payment, the failure to provide factual support renders the proposed amendment futile.

## G. PLAINTIFF'S ALLEGATION THAT PLANNING OR AGREEMENT OCCURRED IN THE UNITED STATES IS CONCLUSORY AND INSUFFICIENT

Plaintiff alleges, without factual support, that Defendant entered into an agreement or participated in planning activities within the United States. This allegation is critical to Plaintiff's attempt to establish jurisdiction, yet it is entirely conclusory. Even assuming a meeting occurred in California, Plaintiff does not allege facts showing that any actionable agreement was formed or that any conduct giving rise to the claims occurred there.

Plaintiff does not identify:

- The date of any alleged agreement
- The specific terms of any agreement
- The location where any agreement was formed
- Any communication reflecting such an agreement
- Any witness to such an agreement

Instead, Plaintiff relies on generalized assertions that a meeting in California involved planning or agreement related to the alleged conduct. However, the mere occurrence of a meeting, without factual allegations establishing that an agreement was formed or that operational decisions were made, is insufficient to support a plausible claim.

Courts routinely reject attempts to establish jurisdiction based on vague or speculative assertions of domestic planning where the alleged conduct and injury occurred abroad. Plaintiff's failure to allege specific facts demonstrating that any actionable agreement or planning occurred in the United States renders the proposed amendment deficient as a matter of law.

Because Plaintiff's jurisdictional theory depends on this unsupported allegation, amendment would be futile

## IV. CONCLUSION

Plaintiff's proposed amended complaint does not cure the fundamental defects in the original pleading. It fails to establish personal jurisdiction, fails to state a plausible claim, and does not create a sufficient domestic nexus.

4/65

Because amendment would be futile, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

While Rule 15 is applied liberally, it does not require courts to permit amendment where the proposed claims would remain subject to dismissal.

DATED: _____

Respectfully submitted,


Dale Comstock
Defendant, Pro Se


## CERTIFICATE OF SERVICE

I hereby certify that on _____, I served a true and correct copy of the foregoing Opposition to Motion for Leave to Amend by depositing it in the United States Mail, postage prepaid, addressed to:

Daniel McLaughlin
Center for Justice and Accountability
268 Bush Street, Suite 3432
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____


Dale Comstock



TO REUSE: Mark through all previous shipping labels and barcode





359-4581

## Reusable En
## Recycle me.



200 FIRARS HILL DR APT 201
PANAMA CITY BEACH, FL 32407
UNITED STATES US

CAD: GS71348/ROSA2710

BILL THIRD PARTY

TO CLERK'S OFFICE OF THE US MAGISTRATE

RECEIVED

333 WEST BROADWAY
SUITE 420
SAN DIEGO CA 92101
(850) 825-0788

JUL 1 6 2026



US MARSHALS SERVICE

FedEx
Express

E

THU – 16 JUL 5:00P
** 2DAY **

TRK# 8743 9350 2245
0201

SP SDMA

92101
CA-US SAN

Align bottom of peel-and-stick airbill or pouch here.